# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**KARL KRAUS, JR.**                                                                                 **PLAINTIFF**

**v.**                                                                      **CIVIL ACTION NO. 5:20-CV-191-BJB**

**COMMONWEALTH OF KENTUCKY, et al.**                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Karl Kraus, a prisoner, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's lawsuit will be dismissed.

## I.

Plaintiff, who is incarcerated at the Luther Luckett Correctional Center (LLCC), names as Defendants the Commonwealth of Kentucky; Livingston County, Kentucky; the Kentucky Court of Appeals; and the United States District Court for the Western District of Kentucky. The Complaint raises constitutional claims related to Plaintiff's state-court criminal trial, appeals, and post-conviction proceedings in state court and this Court. Specifically, Plaintiff alleges that he was removed from his state-court criminal trial for two days without hearing or cause; that, during his appeals and post-conviction proceedings, the state courts and this Court were only interested in the fact that he pleaded guilty; and that during his appeals "the facts show constitutional violations were not reviewed in a non-bias[ed] way."

In his Complaint, Plaintiff asks for $20 million and a "new fair trial." Plaintiff subsequently filed a motion (DN 13) to "strike any mention of a new trial" in this case. He states

that he only asks for remedies designed to vindicate violations of his constitutional rights and monetary damages for false imprisonment.

The Court construes Plaintiff's motion to strike as an unopposed motion to amend the pleadings and **GRANTS** the request to eliminate his references to and requests for a new trial. *See generally Fraker v. Marysville Exempted Village Schools*, 696 F. Supp. 2d 887, 894 (S.D. Ohio 2010).

The Court also **GRANTS** Plaintiff's motion to amend the complaint (DN 8) and construes the pleadings and allegations written in the motion to serve as the proposed amended complaint. In that filing, Plaintiff makes additional arguments regarding why he believes the state-court criminal proceedings were unconstitutional. Going forward, the Court will treat the motion as the amended complaint in accordance with Plaintiff's request.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss all or part of the action if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all non-frivolous, non-conclusory factual allegations as true. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), extends the *Preiser* rule to include § 1983 suits which request monetary, rather than injunctive, relief. *See, e.g.*, *Chatman v. Slagle*, 107 F.3d 380, 382 (6th Cir. 1997). *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff's false-imprisonment claims and related claims for monetary damages clearly challenge and relate to the validity of his trial, appeal, and subsequent confinement. They are precisely the type of relief that the Supreme Court has held may not be sought in a § 1983 case. Accordingly, Plaintiff's claims fail to a state claim upon which relief can be granted under 42 U.S.C. § 1983, and must be dismissed under 28 U.S.C. § 1915A.

### III.

For the foregoing reasons, the Court will dismiss this lawsuit by separate Order.

Date: June 23, 2021

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
B213.009